Rose CARACCIOLO, Plaintiff–Appellant,

v.

UNITED STATES OFFICE OF PERSONNEL MANAGEMENT, Defendant–Appellee.

No. 05–2128–CV.

United States Court of Appeals, Second Circuit.

Dec. 27, 2005.

Rose Caracciolo, Lindenhurst, N.Y., for Plaintiff–Appellant, (pro se).

Kevin P. Mulry, Assistant United States Attorney for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York (Varuni Nelson, Assistant United States Attorney, on the brief), New York, N.Y., for Defendant–Appellee.

PRESENT: Hon. JAMES L. OAKES, Hon. GUIDO CALABRESI, and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellant Rose Caracciolo, *pro se*, appeals the district court's (Seybert, *J.*) dismissal of her complaint seeking greater retirement benefits under the Civil Service Retirement System ("CSRS"). In addition, Appellant moves (1) to amend her complaint and (2) to strike the government's appellate brief. We presume the parties' familiarity with the facts, procedural posture, and scope of the issues on appeal, which we reference only as necessary to explain our decision.

The district court dismissed Appellant's complaint for lack of subject matter jurisdiction. The district court explained that decisions rendered by the Office of Personnel Management, which administers the CSRS, must be appealed to the Merit System Protection Board ("MSPB"). The court then concluded that the United States Court of Appeals for the Federal Circuit has exclusive jurisdiction to review decisions of the MSPB under 5 U.S.C. § 7703(b)(1), which provides that "a petition to review a final order or final decision of the [MSPB] shall be filed in the United States Court of Appeals for the Federal Circuit," and 28 U.S.C. § 1295(a)(9), which states that the "United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction ... of an appeal from a final order or final decision of the [MSPB]." *See also Lindahl v. Office of Pers. Mgmt.*, 470 U.S. 768, 105 S.Ct. 1620, 84 L.Ed.2d 674 (1985). We affirm the judgment of the court below for substantially the reasons given by the district court.

We also deny Appellant's motion to amend her complaint for substantially the reasons given by the district court, *see Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir.2003) (district court's denial of a motion to leave to amend a complaint reviewed for abuse of discretion), and deny all of Appellant's other motions as moot.

We have considered all of Appellant's arguments and find them to be without merit. The decision of the district court is therefore AFFIRMED.